IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>BRYAN JAMES GARDNER,<br><br>Defendant. | **MEMORANDUM DECISION AND ORDER UPDATING CONDITIONS OF SUPERVISED RELEASE AND DENYING MOTION TO MODIFY THOSE CONDITIONS**<br><br>Case No. 2:13-cr-00016<br><br>Judge Tena Campbell |

Defendant Bryan James Gardner moves the court to modify the conditions of his supervised release.  (ECF No. 78.)  For the reasons state below, the court updates the conditions of his supervised release to reflect new language from the United States Probation Office that has replaced Appendix C of the Computer and Internet Monitoring Program.  But otherwise, the court denies Mr. Gardner's requested relief without prejudice.

Mr. Gardner previously pled guilty to one count of Possession of Child Pornography in violation of 18 U.S.C. § 2252A(a)(5)(B).  On August 6, 2013, the court sentenced him to ten years in the custody of the Bureau of Prisons, followed by a lifetime of supervised release.  That sentence ran concurrently with the sentences in two state cases, in which Mr. Gardner was convicted of Attempted Sexual Abuse of a Child and Sexual Exploitation of a Minor.  Mr. Gardner was released from custody and began his term of supervised release on March 10, 2022.

The court later sentenced Mr. Gardner to an additional term of 12 months in the custody of the Bureau of Prisons for violating the terms of his supervised release.  Specifically, Mr.

1

Gardner admitted that on or about July 2, 2024, he was present in a protected area in violation of Utah Code Ann. § 77-27-21.7. According to the Probation Office, Mr. Gardner had been parking his van near a water park where it was possible to view children in bathing suits within the park. Mr. Gardner pled guilty to a state court charge based on the same conduct. Mr. Gardner's probation officer also alleged that Mr. Gardner viewed sexually explicit material (based on material discovered on a computer belonging to Mr. Gardner's mother), that Mr. Gardner accessed a computer and the internet for purposes outside of employment, and that Mr. Gardner failed to report a new email account. These additional allegations were dismissed at the final hearing on revocation.

After finding that Mr. Gardner violated the terms of his supervised release, the court revoked the remainder of his previous term and reimposed a lifetime term of supervised release. The court imposed the following special condition:

> You must cooperate with the United States Probation and Pretrial Services Computer and Internet Monitoring program; Appendix C, Computer and Internet use (Not Applicable to Third Party Employment). Cooperation shall include, but not be limited to, identifying computer systems (as identified in 18 U.S.C. § 1030(e)(1)), internet capable devices, networks (routers/modems), and/or similar electronic devices (external hard drives, flash drives, etc.) to which you have access. All devices are subject to random inspection/search, configuration, and the installation of monitoring software and/or hardware at your expense.

Mr. Gardner now requests that the court amend the special conditions of supervised release and order that he be placed on Appendix A, rather than Appendix C, which would allow him to have monitored internet use on personal devices. Mr. Gardner notes that, outside of the images he received from the internet in 2009 and 2010 that were the basis for his underlying conviction, any new crimes and violations of his supervised release have not been based on internet activities.

2

The court finds that Mr. Gardner's request is premature.  Although the court dismissed the internet-related allegations, Mr. Gardner admitted that he was in a protected area in violation of state law.  Indeed, Mr. Gardner was repeatedly frequenting an area where children in bathing suits were present—activity which was, in many ways, even more alarming than the allegations related to the internet   This lapse in judgment is troubling, and the court is concerned that Mr. Gardner remains susceptible to the behavior that previously resulted in his state and federal convictions.  The court would like to see a longer period of compliance with the terms of his supervised release before considering any modifications to those terms.

That said, the court recognizes the importance of internet access in modern life.  The Tenth Circuit has held that, "in all but the most extreme cases, a special condition of supervised release that absolutely prohibits the use of the Internet will unreasonably impede a defendant's liberty in violation of [Title 18] section 3583." United States v. Blair, 933 F.3d 1271, 1277 (10th Cir. 2019); see also United States v. Egli, 13 F.4th 1139, 1148–49 (noting some support for the proposition that an absolute internet ban is always unlawful but finding no plain error in the absolute ban at issue given a factual record indicating that less restrictive means had not worked).

Here, Mr. Gardner is not subject to an absolute internet ban.  He may still access the internet on publicly accessible devices, such as computers at the library or at workforce services. In addition, having discussed the matter with Mr. Gardner's probation officer, it appears that Mr. Gardner is no longer employed in a job that requires him to download an app to log his hours. Mr. Gardner's current job does require him to log his hours online, which has necessitated the use of a supervisor's computer, and the court recognizes that this task would be easier if Mr. Gardner had his own device.  The court is therefore willing to consider a modification to the

3

terms of Mr. Gardner's release once he has demonstrated at least two years of compliance since his latest term of supervised release began without any violations.  Given these considerations, the court finds that the terms of Mr. Gardner's supervised release are sufficiently tailored to his individual circumstances and do not impose a greater deprivation of liberty than reasonably necessary to accomplish the purposes set forth in sections 3553(a)(2)(B), (a)(2)(C), and (a)(2)(D) of Title 18.  See 18 U.S.C. § 3583(d)(2).

Finally, the court notes that the U.S. Probation Office has replaced the requirements contained in Appendix C, Computer and Internet Use (Not Applicable to Third Party Employment), with suggested conditions that can be more easily customized to account for individual circumstances.  The court therefore strikes condition 8 of Mr. Gardner's Special Conditions of Supervised Release and replaces that condition with the conditions specified below.  These conditions are substantially equivalent, and no more restrictive, to the conditions contained in Appendix C.  The court has tailored these conditions to clarify that Mr. Gardner may use publicly accessible computer devices and computers at workforce services for legitimate reasons, such as for banking, health, and employment.

## ORDER

For the reasons stated above, the court ORDERS as follows:

1.      The court DENIES Mr. Gardner's Motion to Amend Conditions of Supervised Release.  (ECF No. 78.)

2.      The court grants Mr. Gardner leave to file a renewed motion to modify his conditions of supervised release after demonstrating a period of at least two years of compliance since beginning his latest term of supervised release.  Because Mr. Gardner was released from

custody on July 1, 2025, Mr. Gardner must remain free from violations until at least July 1, 2027, before the court will consider such a request.

3.      As indicated below, the court updates the terms of Mr. Gardner's supervised release to provide greater clarity and to reflect current practices at the U.S. Probation Office. The court strikes the following condition:

> You must cooperate with the United States Probation and Pretrial Services Computer and Internet Monitoring program; Appendix C, Computer and Internet use (Not Applicable to Third Party Employment). Cooperation shall include, but not be limited to, identifying computer systems (as identified in 18 U.S.C. § 1030(e)(1)), internet capable devices, networks (routers/modems), and/or similar electronic devices (external hard drives, flash drives, etc.) to which you have access. All devices are subject to random inspection/search, configuration, and the installation of monitoring software and/or hardware at your expense.

The court replaces that condition with the following conditions:

> You are ordered to participate in cybercrime management and will inform your officer of all computer devices possessed or accessible to you.  This includes (a) desktop or laptop computers; (b) smartphones, smart watches, and tablets; (c) smart appliances/Internet of Things (IoT) devices, including hub or personal assistant devices; and (d) all network accessing devices, including internet-connectable gaming systems.  You will not acquire or access any new or additional computer devices unless approved by your officer.  You will also inform your officer of all your computer device, internet service provider (ISP) and social media user accounts (local and on-line services), both upon entering supervision and in the event that you create or receive additional user accounts.
>
> You are restricted from any personal use of standard computer devices (desktop/laptop computer, smart phones/tablets) that are not publicly accessible. You may access publicly accessible computer devices for legitimate transactional purposes (such as ATMs, kiosks, and point of sale terminals).  With the awareness of your officer, you may also use specialized computer devices outside your residence (i.e., employment agency, work search, and employers' computer devices), but only for their intended use.
>
> Your use of standard computer devices(s) (desktop/laptop computers, smart phones/tablets) is restricted to legitimate and necessary purposes.  Examples of legitimate and necessary use are employment, education, religious activities, treatment services, medical services, communication with friends/family and attorney, personal finance, and legal obligations.

You must allow the U.S. Probation/Pretrial Services Office to conduct initial and periodic unannounced searches of any computer devices or networked systems used or possessed by you.  Initial searches of computer devices and networked systems will be conducted to determine if they contain or allow access to any materials or capabilities which would violate the Court's ordered conditions; or programs/applications, settings, configurations that would be problematic for monitoring software (if ordered) and Cybercrime Management Program requirements.  Periodic unannounced searches of these devices and systems will be conducted to verify that the monitoring software is functional (if ordered), that required configurations are unaltered, and that no circumvention efforts have been made to alter the device's operation(s) or functionality.

DATED this 29th day of June, 2026.

BY THE COURT:

Tena Campbell
United States District Judge